56

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
APR 1 4 1999
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RUBEN ORTEGA,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | |
| MANTEO SHRIMP CORPORATION &<br>F/V DAVID M. TOWER,<br>    Defendant and Third-Party Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION NO. B-95-146 |
| TOWER INSURANCE SERVICES,<br>INCORPORATED, ET AL.,<br>    Third Party Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM

On February 12, 1994, Ruben Ortega ("Ortega"), was a member of the crew of the F/V David M. Tower, an American registered shrimp vessel owned by Manteo Shrimp Corporation ("Manteo"), a Texas Corporation.

On that date, Ortega was engaged cleaning the back deck of F/V David M. Tower. He was preparing to open the scupper hole on the port side of the vessel, so that he could sweep trash overboard. Shrimp are caught by trawl nets which are dragged along the seabed. The trawl nets gather other marine life along with shrimp. When the nets are raised, they are dumped on the back deck of the shrimp boat. The crew proceeds to cull the shrimp from the unwanted marine life. While Ortega was doing his work, he slipped and partially fell injuring his low back.

Voluminous medical evidence in this case reveals that Ortega has been evaluated and treated by several physicians specializing in neurology, neurosurgery and orthopedics. The evaluations, including one done by Jose Kuri, M.D., a well qualified neurosurgeon at the request

of the defendant's insurance carrier, lead to the inescapable conclusion that as a result of the accident made the basis of this suit, Ortega suffered a herniated disc in his lower back.

His physician, Ruben Pechero, M.D. and Dr. Kuri agree that Ortega needs additional surgery. Ortega has already had laser surgery which was unsuccessful. The physicians agree that he now needs a more invasive procedure, a lumbar laminectomy.

Ortega claims that he is entitled to recover damages, because F/V David M. Tower was unseaworthy and that Manteo violated its Jones Act, 42 U.S.C. § 688, duty to furnish a safe place to work. His testimony was that the skid proof paint on the back deck, in the area where he was working had worn smooth. He testified that this condition had existed for some time and was known to the owner. This testimony is a double edged sword. There is no doubt that the owner of F/V David M. Tower had an absolute non delegable to duty to furnish Ortega a seaworthy vessel-one reasonably fit for its intended purpose. Under the Jones Act Ortega's employer had a duty to furnish a reasonably safe place to work. However, Ortega also had an obligation to act with reasonable prudence under the circumstances. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997)

At the time of his accident, Ortega was thirty-eight years old. According to the appropriate tables, he had a life expectancy of 33.5 years.

The medical testimony presented by Dr. Pechero is that even if Ortega had a lumbar laminectomy and had a good recovery his physical limitations would preclude him from passing a pre employment physical for work as a shrimper. Dr. Pechero also opined that given Ortega's lack of skills it would be unlikely that he could obtain a job. Dr. Pechero estimated that the surgery Ortega needs would cost between $50,000.00 and $60,000.00 including hospitalization

2

and follow up care. The recovery time would be about one year.

Ortega's earnings for the two years prior to the accident averaged $8,000.00 per year. He was paid maintenance at the rate of $15.00 per day up to February 15, 1996, for a total of $8,575.00.

At the time of the accident, F/V David M. Tower was unseaworthy. The back deck was not reasonably fit for its intended purpose. *Mitchell v. Trawler Racer*, 362 U.S. 539 (1960). Manteo was negligent in that it breached its duty to furnish a safe place to work. However, Ortega was also negligent. I find Ortega's negligence to be 20% responsible for his accident and injuries.

I find the damages to be as follows:

| | | |
|---|---|---|
| 1. | Past medical expenses: | $ 28,693.01 |
| 2. | Future medical: | $ 29,500.00 |
| 3. | Past loss of income: | $ 45,000.00 |
| 4. | Future loss of earning capacity: | $100,000.00 |
| 5. | Past pain &suffering: | $ 50,000,00 |
| 6. | Future pain & suffering: | $ 50,000.00 |
| 7. | Past maintenance: | $ 15,000.00 |
| 8. | Future maintenance: | $ 10,250.00 |
| | Total | $328,443.01 |

I further find that the failure to maintain the deck in a seaworthy condition was within the privity and knowledge of the owner of the vessel, therefore Manteo is not entitled to limit its

3

liability to the value of the vessel. *Farrell Lines Inc. v. Jones*, 530 .F.2d 7 (5th Cir. 1976).

DONE at Brownsville, Texas, this 13th day of April, 1999.

_____
John Wm. Black
United States Magistrate Judge